NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRUNILDA ROA,

    Plaintiff,

v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Civil Action No. 18-12652 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Brunilda Roa's ("Plaintiff") appeal from the final decision of Andrew Saul,[1] Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), denying Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Compl., ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court remands for further proceedings consistent with this Memorandum Opinion.

---

[1] Nancy A. Berryhill previously served as Acting Commissioner of the Social Security Administration. Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. The Court retained the original caption for consistency.

I.  **BACKGROUND**

  A.  **Procedural History**[2]

Plaintiff applied for DIB on April 23, 2013 and for SSI on April 26, 2013, alleging disability based on anxiety, depression, and back problems. (AR 170, 185.) Plaintiff's claims were denied initially and upon reconsideration. (*Id.* at 237-46, 271-79.) The administrative law judge ("ALJ") conducted an administrative hearing on February 24, 2016 and a supplemental video hearing on November 28, 2016, after which the ALJ issued a decision finding that Plaintiff was not disabled. (*Id.* at 40-41.) The Appeals Council granted Plaintiff's request for review and issued a partially favorable decision on June 13, 2018. (*Id.* at 1-3.) On August 10, 2018, Plaintiff filed an appeal to the District Court of New Jersey (Compl., ECF No. 1) and the case was assigned to former Chief Judge Jose L. Linares. Plaintiff filed her moving brief on February 19, 2019, (ECF No. 17), the Commissioner filed opposition on April 4, 2019, (ECF No. 18), and Plaintiff filed a reply on April 19, 2019 (ECF No. 19). On May 16, 2019, this case was reassigned to the Undersigned for all further proceedings. (ECF No. 24.)

  B.  **The ALJ's Decision**

On January 29, 2018, the ALJ rendered a decision. (AR 25-41.) The ALJ set forth the Social Security Administration's five-step sequential process for determining whether an individual is disabled. (*Id.* at 26-27.) At step one of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since May 10, 2012, the alleged disability onset date. (*Id.* at 27.) At step two of the analysis, the ALJ found that Plaintiff had the severe

---

[2] The Administrative Record is located at ECF Nos. 11 through 11-11. The Court will reference the relevant pages of the Administrative Record ("AR") and will not reference the corresponding ECF citations within those files.

2

impairments of "lumbarsacral sprain and a major depressive disorder." (*Id.*) At step three, the ALJ determined that none of Plaintiff's impairments, or combination of impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 28.) The ALJ next set forth Plaintiff's residual functional capacity ("RFC"). (AR 29-30.) At step four, the ALJ found Plaintiff unable to perform any past relevant work. (*Id.* at 39.) At step five, the ALJ found that based on Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*) The ALJ, accordingly, found that Plaintiff has not been under a disability from May 10, 2012, through the date of the decision. (*Id.* at 41.)

A conversation that the ALJ overheard between Plaintiff's counsel and the vocational expert ("VE") after the administrative hearing officially concluded affected the ALJ's decision. (*Id.* at 40.) The ALJ's decision provided:

> It is noted that the claimant's representative submitted post-hearing interrogatories to the [VE] which were responded to and received by the hearing office. . . . The undersigned notes that there was a supplemental hearing . . . held on this matter on November 28, 2016. Immediately after the hearing concluded but after the claimant had departed the hearing room, the Representative Adrienne Jarvis and the [VE] Louis Szollosy engaged in an off-the-record ex parte discussion regarding the claimant's case and another case pending before the undersigned. This ex parte discussion was observed and overheard by the undersigned and the Hearing Monitor who were conducting the hearing via video conference. As this discussion directly impacts the [VE's] subsequently submitted interrogatories (12/01/16), in the abundance of caution and to prevent the appearance of impropriety, the [VE's] Response to Interrogatories are given no weight. The undersigned notes that the administrative hearing process regarding disability claims adjudicate important rights of claimants. The Due Process Clause of the Fifth Amendment entitles claimants to a decision based on the evidence elicited during the hearing process. It is axiomatic in American Jurisprudence that a hearing decision shall be based on the evidence adduced at the hearing. . . . To the extent that the ex parte communication between the VE and the representative prior to the

> submission of the VE's Response to Interrogatories[] casts doubt upon whether [the] VE's submitted responses are based upon evidence elicited during the hearing process, said interrogatories are stricken and given no weight.

(*Id.* at 40.)

### C. The Appeals Council's Decision

On June 13, 2018, the Appeals Council rendered a decision on Plaintiff's appeal. With respect to the sequential evaluation for the period of May 12, 2012 through December 28, 2016, the Appeals Council (1) adopted the ALJ's step one and two findings; (2) adopted the ALJ's step three findings with respect to Plaintiff's physical impairments; (3) used the new rules to find at step three that the severity of Plaintiff's affective disorder did not meet or medically equal the criteria of the relevant listing; (4) adopted the ALJ's finding with respect to Plaintiff's RFC; and (5) adopted the ALJ's findings at step five that Plaintiff was an individual closely approaching advanced age, and transferability of skills was not material to the determination of disability. (*Id.* at 10-12.) The Appeals Council, consequently, found that Plaintiff was not disabled for this period. (*Id.* at 13.) With respect to the sequential period beginning December 29, 2016, the Appeals Council found that, at step five, Rule 202.01 directs a finding of "disabled." (*Id.*) The Appeals Council, accordingly, found Plaintiff disabled beginning December 29, 2016. (*Id.*)

With respect to the conversation between Plaintiff's counsel and the VE after the conclusion of the hearing, the Appeals Council stated:

> Through the brief filed by claimant's representative, the claimant alleged that the [ALJ] violated her right to due process by relying on evidence outside the record to disregard evidence from the [VE].
> 
> The Council considered the allegations solely as they relate to abuse of discretion. After reviewing the entire record, including the hearing record, the Appeals Council finds the [ALJ] abused her discretion because she disregarded evidence in the record, [VE] responses to interrogatories, based upon an off-the-record

4

conversation she overheard between the claimant's representative and the [VE].

The Council notes that, even if this conversation were relevant and part of the record, the decision provides no details from this conversation that explain why evidence from the [VE] should have been disregarded. Furthermore, central to the rationale given for considering the [VE's] testimony at both hearings, while disregarding his response to interrogatories, was the [ALJ's] assertion that the disregarded evidence was submitted after this alleged improper conversation. This assertion is inconsistent with the record, which clearly indicates that the responses to interrogatories were completed and mailed well before the hearing and the alleged conversation. Therefore, The Council considered the post-hearing evidence from the [VE].

(*Id.* at 10) (internal citation omitted).

## II. THE PARTIES' POSITIONS[3]

Plaintiff argues that "[b]ecause with respect to her unauthorized eavesdropping[,] the ALJ engaged in misconduct, violated [Plaintiff's] right to procedural due process, and made a baseless charge of misconduct against [Plaintiff's] counsel, the ALJ was prejudiced and/or partial for the purpose of 20 C.F.R. § 404.940." (Pl.'s Moving Br. 13.) Plaintiff alternatively argues that the ALJ's actions raised the appearance of prejudice and/or partiality. (*Id.*) Plaintiff asserts that she requested the Appeals Council to provide her with a new hearing before a different ALJ but the Appeals Council failed to explicitly rule upon her request. (*Id.* at 13-14.) According to Plaintiff, the Appeals Council found that the ALJ abused her discretion but failed to explain why Plaintiff was not entitled to a new hearing before a different ALJ. (*Id.* at 14.) Plaintiff argues that if the

---

[3] Due to the unique nature of this case, the Court will not set forth and analyze each of Plaintiff's arguments on appeal. Rather, the Court focuses its consideration on Plaintiff's primary argument related to the irregularity in the proceedings before the ALJ and the subsequent decision of the Appeals Council. After careful consideration, the Court is constrained to remand to the Commissioner. Upon remand, the Commissioner shall be free to further develop the record.

5

Appeals Council implicitly denied her request for a new hearing based on 20 C.F.R. § 404.940, then (1) substantial evidence does not support the implicit denial; (2) the implicit denial constituted legal error; and/or (3) if the Appeals Council had the discretion to deny the request, it was an abuse of discretion. (*Id.*) Plaintiff further argues that the Commissioner failed to file the complete administrative record. (*Id.* at 16.) Plaintiff asserts that the Appeals Council referenced the recording of the ALJ's eavesdropping yet the Commissioner failed to include a transcript of that recording in the administrative record. (*Id.* at 16.)

Defendant argues that the Appeals Council corrected the ALJ's error and cured any real or perceived bias by the ALJ by considering the entire record, including the post-hearing evidence from the VE. (Def.'s Opp'n Br. 10.) Defendant asserts that "[c]ontrary to Plaintiff's argument, any error by the ALJ was rendered moot by the above-described decision of the Appeals Council, and remand is thus not warranted." (*Id.* at 12-13.)

On reply, Plaintiff notes that the Commissioner failed to dispute a number of Plaintiff's arguments, including (1) "the ALJ concealed from [Plaintiff] her misconduct, prejudice, and/or partiality"; (2) the Appeals Council did not rule on Plaintiff's request for disqualification of the ALJ under 20 C.F.R. § 404.940; (3) "the Appeals Council could not have properly denied [Plaintiff's] request for disqualification of the ALJ"; (4) the administrative record is defective because it omits evidence of the ALJ's and the Appeals Council's misconduct; and (5) the Appeals Council relied on extra-record evidence and, consequently, made one of the same procedural due process errors as the ALJ. (Pl.'s Reply Br. 3.)

6

## III. DISCUSSION

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If, however, it appears that a claimant did not receive "the full and fair hearing to which he [or she] is entitled," a reviewing court may not need to reach the substantial evidence inquiry. *See Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) ("[I]t is the conduct of the hearing, not the content of the evidence, which is the subject of [the Court's] focus here").

The Third Circuit has recognized that social security applicants, "most of whom are truly ill or disabled, are entitled to be treated with respect and dignity no matter what the merits of their respective claims." *Id.* "Essential to a fair hearing is the right to an unbiased judge." *Id.* at 902 (citing *Hummel v. Heckler*, 736 F.2d 91, 93 (3d Cir. 1984).) Significantly, "ALJs have a duty to develop a full and fair record in social security cases." *Id.* Pursuant to 20 C.F.R. § 404.940,

> An [ALJ] shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for a decision. If you object to the [ALJ] who will conduct the hearing, you must notify the [ALJ] at your earliest opportunity. The [ALJ] shall consider your objections and shall decide whether to proceed with the hearing or withdraw. If he or she withdraws, the

> Associate Commissioner for Hearings and Appeals, or his or her delegate, will appoint another [ALJ] to conduct the hearing. If the [ALJ] does not withdraw, you may, after the hearing, present your objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another [ALJ].

20 C.F.R. § 404.940.

The ALJ in the present matter eavesdropped upon a conversation between Plaintiff's counsel and the VE, which took place after the official close of the proceedings, then made the evidentiary decision to strike and provide no weight to the VE's answers to interrogatories. (AR 40.) The ALJ, however, failed to provide notice to the parties. This seriously implicates whether the ALJ developed a full and fair record in this case. On appeal, the Appeals Council characterized the ALJ's conduct as an abuse of discretion. The Appeals Council, however, failed to explicitly rule upon Plaintiff's allegation of bias even though Plaintiff clearly raised the issue of bias to the Appeals Council. (AR 604-06, 614-16.) Due to the serious nature of the ALJ's conduct in this matter and the alleged content of the conversation upon which the ALJ based the decision to strike record evidence, the Appeals Council should have provided an explicit decision regarding the ALJ's alleged bias with accompanying reasoning for its decision.

Moreover, the ALJ and the Appeals Council both referenced the November 28, 2016 post-hearing conversation between the VE and Plaintiff's counsel. (AR 10, 40.) The Commissioner, however, failed to include the transcript of this conversation in the administrative record. The Court, therefore, did not have the opportunity to consider the actual conversation in its evaluation of the ALJ's actual or perceived bias in the present matter.[4] Based upon the current

---

[4] Nevertheless, the Court need not reach the issue at this time. If, upon remand, the Appeals Council finds the ALJ unbiased, the Commissioner must include a copy of the relevant transcript in the Administrative Record should Plaintiff file a subsequent appeal.

record, the Court cannot find, as argued by the Commissioner, that the Appeals Council's consideration of the entire record "rendered moot" any perceived or actual bias of the ALJ. (Def.'s Opp'n Br. 13.) Because an unbiased judge is "[e]ssential to a fair hearing," the Appeals Council cannot, on appeal, render an ALJ's hearing and subsequent decision "fair" by virtue of its appellate review if the ALJ was biased. *See Ventura*, 55 F.3d at 902. The Court, accordingly, remands to the Appeals Council for a specific determination with respect to the ALJ's bias. "In the event that a finding of bias is made on remand, a new hearing must be held before an [ALJ] to determine the merits of [Plaintiff's] claims." *Hummel*, 736 F.2d at 95.

## IV. CONCLUSION

For the foregoing reasons, this matter is remanded to the Commissioner for further proceedings consistent with this Memorandum Opinion. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** September 30, 2019